Chad Rasmussen (13847)
ALPINA LEGAL
2230 N Univ. Pkwy., #7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIN WILKINSON, an individual, MATTHEW MAHONY, an individual, and MELISSA MAHONY, an individual, | **COMPLAINT** |
| | JURY DEMANDED |
| Plaintiffs, | |
| | Case No.: 4:23-cv-00101-DN |
| v. | |
| | Judge: DAVID NUFFER |
| SNOW CALDWELL BECKSTROM & WILBANKS, PLLC, a Utah Professional Limited Liability Company, CHAD J. UTLEY, an individual, and JOSHUA D. THATCHER, an individual, | |
| Defendants. | |

Plaintiffs Erin Wilkinson ("Erin"), Matthew Mahony ("Matthew"), and Melissa Mahony ("Melissa"), by and through their counsel of record, Chad C. Rasmussen of Alpina Legal, hereby complain and allege against Defendants Snow Caldwell Beckstrom & Wilbanks, PLLC ("Snow"), Chad J. Utley ("Chad"), and Joshua D. Thatcher ("Joshua") as follows:

### INTRODUCTION & NATURE OF ACTION

1.    Erin, Matthew, and Melissa bring this lawsuit against Snow, Chad, and Joshua under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §§ 1692 *et seq.*

2.      The United States Congress has found abundant evidence of the use of abusive,

deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to the number of personal

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual

privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by

debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent state

action to protect consumers against debt collection abuses.

3.      Furthermore, the Bureau of Consumer Financial Protection ("CFPB") adopted and

implemented Regulation F found at 12 C.F.R. §§ 1006.1 et seq., which went into effect

on November 1, 2021. The purpose of Regulation F is as follows:

> This part carries out the purposes of the FDCPA, which include eliminating
> abusive debt collection practices by debt collectors, ensuring that debt collectors
> who refrain from using abusive debt collection practices are not competitively
> disadvantaged, and promoting consistent State action to protect consumers against
> debt collection abuses. This part also prescribes requirements to ensure that
> certain features of debt collection are disclosed fully, accurately, and effectively to
> consumers in a manner that permits consumers to understand the costs, benefits,
> and risks associated with debt collection, in light of the facts and circumstances.
> Finally, this part imposes record retention requirements to enable the Bureau to
> administer and carry out the purposes of the FDCPA, the Dodd-Frank Act, and
> this part, as well as to prevent evasions thereof. The record retention requirements
> also will facilitate supervision of debt collectors and the assessment and detection
> of risks to consumers. 12 C.F.R. § 1006.1(b).

4.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure

that debt collectors who abstain from such practices are not competitively disadvantaged,

and to promote consistent state action to protect consumers." *Jerman v. Carlisle,*

*McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. §
1692(e)).

5.    To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict
liability statute." *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002).

6.    The FDCPA is a "remedial statute," and so "should be construed liberally in favor of the
consumer." *Riddle*, 305 F.3d at 1117.

7.    "A single violation of the FDCPA is sufficient to state a claim." *Soren v. Equable Ascent
Fin., LLC*, No. 2:12-CV-00038, 2012 WL 2317362, at *2 (D. Utah June 18, 2012) (citing
*Taylor v. Perrin*, 103 F.3d 1232, 1238 (5th Cir.1997)). "Plaintiffs who prove a violation
of the FDCPA are entitled to statutory damages irrespective of the ability to prove actual
damages." *Id.*

8.    Whether a collection letter violates the FDCPA is assessed under the reasonable
consumer standard. "We thus apply the 'reasonable consumer' standard—as applied in
the FTCA's false advertising cases and the TILA's nondisclosure jurisprudence. Using the
reasonable consumer to assess materiality is consistent with other consumer protection
laws and provides courts and litigants with a comparable and familiar standard. And it is
sufficiently protective of consumers, whether sophisticated or not… Applying this
standard, the first question is whether the representation is misleading. In viewing
representations from the perspective of the reasonable consumer, we assume the
reasonable consumer would read a communication in its entirety and make sense of a
communication by assessing it as a whole and in its context. The inquiry is whether the
reasonable consumer could reasonably interpret the representation to have multiple

meanings, one of which is untrue. If a reasonable consumer would come to only one interpretation, which is accurate, then the representation is not misleading. On the other hand, if a reasonable consumer could understand a representation as misleading, materiality is then assessed by asking whether the reasonable consumer would have his ability to intelligently respond frustrated." *Tavernaro v. Pioneer Credit Recovery, Inc.,* 43 F.4th 1062, 1072 (10th Cir. 2022).

9.      Erin, Matthew, and Melissa bring this action seeking damages against Snow, Chad, and Joshua arising out of attempts by them to unlawfully, unfairly, and abusively collect debts allegedly owed by them.

10.     While many violations are described below with specificity, this Complaint alleges violations of the FDCPA in its entirety.

11.     Any violations by Defendants were knowing, willful, and intentional, and they did not maintain procedures reasonably adapted to avoid any such violation.

## PARTIES

12.     Erin, Matthew, and Melissa are natural persons who were and are domiciled in and citizens of the State of Connecticut.

13.     Erin, Matthew, and Melissa are both friends and family.

14.     Erin, Matthew, and Melissa are each a "consumer" as defined by 15 U.S.C. § 1692a(3).

15.     Snow is domiciled in and a registered professional limited liability company of the State of Utah.

16.     Chad and Joshua are employees of Snow.

17.     Chad and Joshua are residents and citizens of the State of Utah.

18.    This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction between Plaintiffs and BLH Enterprises LLC, the purpose of which was primarily personal, family, or household wherein Plaintiffs rented a recreational vehicle from BLH Enterprises LLC while visiting Utah.

19.    This case arises out of a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.    Snow is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21.    Chad is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22.    Joshua is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23.    During all relevant times, Chad and Joshua were agents, permissive users, or other individuals, acting under the direction and control of Snow, and were acting within the course and scope of their employment. Accordingly, the conduct of Chad and Joshua is attributable to Snow and Snow is liable for the conduct of Chad and Joshua under the doctrine of vicarious liability, and is therefore liable for the damages sustained by Plaintiffs.

24.    Snow is an entity with a business that uses instrumentality of interstate commerce or the mails with a principal purpose of the collection of debts.

25.    Snow is an entity who at all relevant times was engaged, by use of the mails or telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

26.    On Snow's website, it advertises and represents that it provides "General Collection" services to its banking and financial clients and who at all relevant times was engaged, by

use of the mails or telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

27. Snow is an entity with a business that regularly collects debt in default owed or asserted to be owed or due another, and who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

28. Chad and Joshua are persons who operate in a business with a principal purpose of collection of debts and who regularly collect debt in default owed or asserted to be owed or due another, and who at all relevant times were engaged, by use of the mails or telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

## **JURISDICTION, VENUE, AND STANDING**

29. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

30. Because Defendants do business within the State of Utah and are domiciled in and citizens of Utah, personal jurisdiction is established.

31. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district and where Snow, Chad, and Joshua transact business in this district.

32. Erin, Matthew, and Melissa have Article III standing to bring this action, as it seeks to redress conduct by Snow, Chad, and Joshua that caused them to suffer harm, including intangible harm, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May

24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (*quoting Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (*quoting* 15 U.S.C. § 1692(b)).

## **FACTUAL ALLEGATIONS**

33. Erin, Matthew, and Melissa are natural persons allegedly obligated to pay debts for renting a recreational vehicle while in and visiting Utah pursuant to a written agreement with BLH Enterprises LLC.

34. Their alleged obligations arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, the rental of a recreational vehicle (the "debt").

35. Pursuant to the written agreement, Plaintiffs allegedly incurred obligations to pay BLH Enterprises LLC the debt and demand was made by BLH Enterprises LLC to pay on or about March 27, 2023.

36. Subsequent to this demand for payment, and after having not paid the debt, BLH Enterprises LLC retained Defendants to collect or attempt to collect the debt.

37.     Snow, Chad, and Joshua use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

38.     Snow, Chad, and Joshua regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

39.     A principal purpose of Snow's business is general debt collection.

40.     Snow, Chad, and Joshua began collecting Plaintiff's debt after they were alleged to be in default on the debt.

41.     At all relevant times, Snow, Chad, and Joshua acted on behalf of BLH Enterprises LLC to collect or attempt to collect the debt due BLH Enterprises LLC and from Plaintiffs.

42.     In connection with the collection of the debt, Snow, itself, and Chad, himself, sent each of Erin, Matthew, and Melissa a letter, dated June 16, 2023 (the "Letters").

43.     The Letters were Snow's and Chad's initial communication with each of Erin, Matthew, and Melissa with respect to the debt.

44.     The Letters were sent specifically in an attempt to collect the debt from Plaintiffs.

45.     The Letters were sent in the mail and via email to Erin, Matthew, and Melissa.

46.     The Letters were a "communication" as that term is defined in 15 U.S.C. § 1692a(2) and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

47.     One of the most important requirements under the FDCPA is the notice mandated by 15 U.S.C. § 1692g.

48.     Under 15 U.S.C. § 1692g, a debt collector must send a written notice, in the initial communication or within five days of the initial communication, that informs the consumer debtor of five things: (1) the amount of the debt; (2) the name of the creditor to

whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

49.    Additionally, any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

50.    Overshadowing occurs when language in or with the notice fails to explain an apparent contradiction which in any way affects the consumer debtor's rights.

51.    In addition to the 1692g notices, Regulation F also requires that the debt collector must disclose in its initial communication with a consumer: (1) that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose (12 C.F.R. § 1006.18(e)); (2) the debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original-creditor information; (3) the consumer's name and mailing address; (4) the account number, if any, associated with the debt on the itemization date, or a truncated version of that

number;(5) the name of the creditor to whom the debt currently is owed; (6) the

itemization date and the amount of the debt on the itemization date; (7) an itemization of

the current amount of the debt reflecting interest, fees, payments, and credits since the

itemization date; (8) the current amount of the debt; (9) information about consumer

protections; and (10) consumer-response information with dispute prompts. 12 C.F.R. §

1006.34(c). Regulation F provides for a safe harbor if model form B-1 is used.

52.    Additionally, Regulation F requires that opt-out notices be given for electronic

communications or attempts to communicate. 12 C.F.R. § 1006.6(e).

53.    In connection with the collection of the debt, Snow, itself, and Joshua, himself, sent

Plaintiffs emails dated July 25, 2023, August 16, 2023, August 21, 2023, and August 22,

2023.

54.    The Emails were Snow's and Joshua's subsequent communication with each of Erin,

Matthew, and Melissa with respect to the debt.

55.    Subsequent communications from a debt collector must also disclose that the

communication is from a debt collector. 15 U.S.C. § 1692e(11). The failure to disclose in

subsequent communications that the communication is from a debt collector is a violation

of § 1692e because it is a false, deceptive, or misleading representation or means in

connection with the collection of any debt.

56.    The initial communication to Plaintiffs by Snow and Chad through the Letters included

the following language:

> Sand Hollow Rentals hereby makes a demand for the total amount of the
> outstanding balance of $18,466.96. Failure to submit the total amount to my office
> no later than July 10, 2023, may result in further legal action being taken against
> each of you Pursuant to the lease agreement, Sand Hollow Rentals will also ask

for its attorney's fees and costs of any court action. In addition, it will ask to receive 18% interest on all outstanding amounts.

\*\*\*

Unless you notify me within thirty (30) days after receipt of this letter that the validity of the debt, or any portion of it is disputed, then we will assume the debt is valid. If you do notice us of a dispute, we will obtain verification of the debt and mail it to you. However, we may proceed with legal action against you without waiting thirty (30) days. This letter is an attempt to collect a debt and any information obtained will be used for that purpose.

\*\*\*

It has been my experience that if the matter is resolved pursuant to this initial correspondence, other collection proceedings may be avoided. Additional costs and attorney's fees that may be attributed to you will also be avoided.

57.     These statements in the Letters overshadow Plaintiffs' rights due to the apparent contradiction in the time Plaintiffs had to dispute the debt or pay the demanded outstanding balance.

58.     The Letters were mailed June 16, 2023 and emailed June 19, 2023, and they allow for Plaintiffs to dispute the debt within 30 days after receipt, however, Snow and Chad make express demand that Plaintiffs pay the outstanding balance no later than July 10, 2023, which is less than 30 days after receipt. Moreover, threat is made that if payment is not made not only by July 16, 2023, but also before the end of the 30-day period, that "further legal action" may occur "without waiting thirty (30) days."

59.     These statements in the Letters are an unfair and unconscionable means to collect or attempt to collect on a debt because in making these statements, Snow and Chad sought to obfuscate and limit Plaintiffs' right to dispute the debt during the 30-day period pursuant to 15 U.S.C. § 1692g. Snow's and Chad's limiting, misleading, obfuscating, and

confusing statements in the Letters would falsely and unfairly lead a reasonable consumer into believing that payment was required prior to the full 30-day period and, therefore, that the 30-day period was of no effect. Therefore, Snow and Chad violated 15 U.S.C. §§ 1692e and 1692f.

60. Snow and Chad did not subsequently provide Plaintiffs with any clarification or explanation regarding the contradictory time periods to pay the debt and dispute the debt, or that they still had the full 30 days to dispute the debt despite their demand that payment be made prior to the full 30 days and their threat of legal action without waiting the 30 days; therefore, Snow and Chad violated 15 U.S.C. § 1692g.

61. Moreover, the Letters failed to comply with 15 U.S.C. § 1692g(a)(4) and (a)(5). Specifically the Letters and the language failed to include the required notice (1) that if the Plaintiffs notify the Snow and Chad in *writing* within the thirty-day period that the debt is disputed, the Snow and Chad will obtain verification of the debt and mail it to the Plaintiffs; and (2) the whole statement that, upon the Plaintiff's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

62. This language does not properly reflect the notice requirements contained at 15 U.S.C. § 1692g(a) and was, therefore, defective.

63. Snow's and Chad's notice is confusing, misleading, and limits the rights of Plaintiffs by not disclosing the proper way to dispute the debt and by not disclosing the rights of Plaintiffs to request the name and address of the original creditor, both of which have

attached thereto rights found in 15 U.S.C. § 1692g(b): that Snow and Chad must and would cease collecting the debt until verification is provided.

64.    Under the FDCPA, Plaintiffs must dispute the debt in *writing* in order to require Snow and Chad to cease collection of the debt, or any disputed portion thereof, in order to acquire the benefits provided in 15 U.S.C. § 1692g(b), but the notice language in the Letters did not disclose that such a dispute need be in writing.

65.    Under the FDCPA, if Plaintiffs dispute in *writing* the debt, or any portion thereof, then Snow and Chad must cease collecting the debt until Snow and Chad obtain verification of the debt and mail such verification to Plaintiffs.

66.    Snow's and Chad's notice limits the rights of Plaintiffs in requesting the name and address of the original creditor by not disclosing such notice, as required by 15 U.S.C. § 1692g(a)(5).

67.    Under the FDCPA, if Plaintiffs request in writing the name and address of the original creditor, then Snow and Chad must cease collecting the debt until a copy of the name and address of the original creditor is mailed to them by Snow and Chad. However, Snow and Chad did not provide this required notice, as required by 15 U.S.C. § 1692g(a)(5), which is a violation of the FDCPA.

68.    Therefore, Snow's and Chad's notice in the Letters overshadowed Plaintiffs' rights. This is a violation of 15 U.S.C. § 1692g(b).

69.    Snow and Chad did not subsequently provide Plaintiffs with a proper notice pursuant to 15 U.S.C. § 1692g(a) within five days of their initial communication; therefore, Snow and Chad violated 15 U.S.C. § 1692g.

70.   The Letters also contain statements that are a materially false, deceptive, or misleading representations or means in connection with the collection of the debt because the statements therein are likely to confuse or otherwise mislead a reasonable consumer regarding the means by which he or she could dispute the debt or request the name and address of the original creditor, all of which would require Snow and Chad to cease collection efforts until verification is sent. The Letters' statements were further false, deceptive, or misleading because under the FDCPA consumers are required to send disputes and requests in writing to trigger a debt collector's duty to verify and cease collection. Therefore, Snow and Chad violated 15 U.S.C. § 1692e.

71.   The initial communication to Plaintiffs by Snow and Chad through the Letters and the subsequent communications by Snow and Joshua through the Emails failed to include a clear and conspicuous statement describing a reasonable and simple method by which the Plaintiffs can opt out of further electronic communications or attempts to communicate by Defendants.

72.   This failure to include an opt-out method is a violation of 15 U.S.C. 1692f and 12 C.F.R. § 1006.6(e).

73.   Snow's, Chad's, and Joshua's communications through the Letters and Emails unfairly and unconscionably limited and restricted Plaintiffs' rights to opt out of electronic communications from them. Upon receipt of the Letters and the Emails, the reasonable consumer would not know or otherwise be aware that opting out of receiving electronic communications from Snow, Chad, and Joshua was a possibility. Therefore, Defendants violated 15 U.S.C. 1692f and 12 C.F.R. § 1006.6(e).

74.    The subsequent communications by Snow and Joshua through the Emails failed to

disclose that such communications by Snow and Joshua were from a debt collector. This

is an express violation of 15 U.S.C. § 1692e(11).

75.    This failure to disclose constitutes a false, deceptive, or misleading representation or

means in connection with the collection of the debt. "The FDCPA penalizes 'the failure

to disclose in subsequent communications that the communication is from a debt

collector,' but it does not reward a debtor's actions to prevent that disclosure." *Lauer v.

Credit Control Services*, No. 14-CV-00062-DN, 2015 WL 5824941, at *14 (D. Utah Oct.

6, 2015).

76.    Additionally, the Letters fail to comply with Regulation F. Specifically, the Letters are

devoid of (1) any itemization date and the amount of the debt on the itemization date, (2)

an itemization of the current amount of the debt reflecting interest, fees, payments, and

credits since the itemization date, (3) and consumer-response information with dispute

prompts. 12 C.F.R. § 1006.34(c). Additionally, the Letters do not satisfy the safe harbor

provisions of Regulation F because model form B-1 was not used by Snow and Chad.

77.    The Letters do no conform to or follow model form B-1 of Regulation F.

78.    No itemization of the debt was included in the Letters.

79.    Upon reading the Letters, Plaintiffs, or the reasonable consumer, could not readily

ascertain whether the balance due did or did not include any interest or fees and whether

it was subject to adjustment on a periodic basis and, if so, by how much. This is a further

violation of 15 U.S.C. § 1692g(a)(1) in that it does not provide Plaintiffs with "the

amount of the debt."

80.    Therefore, Snow's and Chad's omission of material information—specifically, an itemization of the deb t and whether the balance of the debt would increase due to the accrual of interest or fees, or whether the balance included collection fees and other fees—would deceive or mislead the reasonable consumer as to the character and amount of the debt. This is a violation of 15 U.S.C. § 1692e.

## COUNT I – SNOW'S AND CHAD'S VIOLATION OF THE FDCPA – HELD BY ERIN

81.    Erin repeats and re-alleges each allegation contained above.

82.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

83.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

84.    Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

85.  "[W]e hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as [Erin] who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

86.  Snow and Chad violated 15 U.S.C. § 1692e by falsely representing the character, amount, or legal status of Erin's alleged debt through the Letters they sent.

87.  Snow and Chad violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt against Erin when they attempted to collect amounts not itemized, such as interest and fees, had no itemization date, and had no consumer-response information, through the Letter they sent to Erin.

88.  Snow and Chad violated 15 U.S.C. §§ 1692e and 1692f by using false, deceptive, misleading representations, unfair means, or  unconscionable means in connection with the collection of the debt against Erin when they obfuscated and limited Erin's right to dispute the debt during the 30-day period pursuant to 15 U.S.C. § 1692g by their limiting, misleading, obfuscating, and confusing statements in the Letters that would falsely and unfairly lead a reasonable consumer, and Erin, into believing that payment was required prior to the full 30-day period.

89.  Snow and Chad violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of the debt against Erin when they failed to include a

notice for opting out of electronic communications, as required by the FDCPA and Regulation F, in the Letter they sent to Erin.

90.    A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

91.    Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

92.    To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

93.    "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

94.    The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938

(D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

95.　"Courts have recognized FDCPA claims where a defendant has provided notice that satisfies the letter, but not the spirit, of the FDCPA requirements." *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1271 (S.D. Fla. 2005) (citing *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996)).

96.　Snow and Chad violated 15 U.S.C. § 1692g(a) when they sent the Letters to Erin by failing to include that Erin's rights are based on sending a dispute in "writing" and that Erin had the right to request in writing the name and address of the original creditor, both of which would result in Snow and Chad ceasing collection efforts until verification is obtained and mailed.

97.　Snow and Chad violated 15 U.S.C. § 1692g(b) when they sent the Letters to Erin by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, during the thirty-day dispute period due to the demand for payment by July 10, 2023, which is within the 30-day period, and by threatening legal action without waiting the 30-day period.

WHEREFORE, Erin prays for relief and judgment against Snow and Chad, as follows:

　　a)　Adjudging that Snow and Chad violated 15 U.S.C. § 1692e;

　　b)　Adjudging that Snow and Chad violated 15 U.S.C. § 1692f;

　　c)　Adjudging that Snow and Chad violated 15 U.S.C. § 1692g;

　　d)　Awarding Erin statutory damages against Snow and Chad, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

e) Awarding Erin actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

f) Awarding Erin reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Erin pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II – SNOW'S AND JOSHUA'S VIOLATION OF THE FDCPA – HELD BY ERIN

98.    Erin repeats and re-alleges each allegation contained above.

99.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

100.   Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

101.    Snow and Joshua violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt against Erin when they failed to disclose that they were a debt collector in the Emails they sent to Erin.

102.    Snow and Joshua violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of the debt against Erin when they failed to include a notice for opting out of electronic communications, as required by the FDCPA and Regulation F, in the Emails they sent to Erin.

WHEREFORE, Erin prays for relief and judgment against Snow and Joshua, as follows:

    a)    Adjudging that Snow and Joshua violated 15 U.S.C. § 1692e;

    b)    Awarding Erin statutory damages against Snow and Joshua, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c)    Awarding Erin actual damages against Snow and Joshua, pursuant to 15 U.S.C. § 1692k(a)(1);

    d)    Awarding Erin reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e)    Awarding Erin pre-judgment and post-judgment interest as permissible by law; and

    f)    Awarding such other and further relief as the Court may deem proper.

## <u>COUNT III – SNOW'S AND CHAD'S VIOLATION OF THE FDCPA – HELD BY MATTHEW</u>

103.    Matthew repeats and re-alleges each allegation contained above.

104.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v.*

*United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

105.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

106.    Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

107.    "[W]e hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as [Matthew] who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

108.    Snow and Chad violated 15 U.S.C. § 1692e by falsely representing the character, amount, or legal status of Matthew's alleged debt through the Letters they sent.

109.    Snow and Chad violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt against Matthew when they attempted to collect amounts not itemized, such as interest and fees, had no itemization date, and had no consumer-response information, through the Letter they sent to Matthew.

110.    Snow and Chad violated 15 U.S.C. §§ 1692e and 1692f by using false, deceptive, misleading representations, unfair means, or  unconscionable means in connection with the collection of the debt against Matthew when they obfuscated and limited Matthew's right to dispute the debt during the 30-day period pursuant to 15 U.S.C. § 1692g by their limiting, misleading, obfuscating, and confusing statements in the Letters that would falsely and unfairly lead a reasonable consumer, and Matthew, into believing that payment was required prior to the full 30-day period.

111.    Snow and Chad violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of the debt against Matthew when they failed to include a notice for opting out of electronic communications, as required by the FDCPA and Regulation F, in the Letter they sent to Matthew.

112.    A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

113.    Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

114.    To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

115.    "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

116.    The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

117.    "Courts have recognized FDCPA claims where a defendant has provided notice that satisfies the letter, but not the spirit, of the FDCPA requirements." *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1271 (S.D. Fla. 2005) (citing *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996)).

118.    Snow and Chad violated 15 U.S.C. § 1692g(a) when they sent the Letters to Matthew by failing to include that Matthew's rights are based on sending a dispute in "writing" and

that Matthew had the right to request in writing the name and address of the original
creditor, both of which would result in Snow and Chad ceasing collection efforts until
verification is obtained and mailed.

119.    Snow and Chad violated 15 U.S.C. § 1692g(b) when they sent the Letters to Matthew by
overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, during
the thirty-day dispute period due to the demand for payment by July 10, 2023, which is
within the 30-day period, and by threatening legal action without waiting the 30-day
period.

WHEREFORE, Matthew prays for relief and judgment against Snow and Chad, as follows:

a)    Adjudging that Snow and Chad violated 15 U.S.C. § 1692e;

b)    Adjudging that Snow and Chad violated 15 U.S.C. § 1692f;

c)    Adjudging that Snow and Chad violated 15 U.S.C. § 1692g;

d)    Awarding Matthew statutory damages against Snow and Chad, pursuant to 15 U.S.C. §
1692k(a)(2)(A), in the amount of $1,000.00;

e)    Awarding Matthew actual damages against Snow and Chad, pursuant to 15 U.S.C. §
1692k(a)(1);

f)    Awarding Matthew reasonable attorneys' fees and costs incurred in this action pursuant
to 15 U.S.C. § 1692k(a)(3);

g)    Awarding Matthew pre-judgment and post-judgment interest as permissible by law; and

h)    Awarding such other and further relief as the Court may deem proper.

## COUNT IV – SNOW'S AND JOSHUA'S VIOLATION OF THE FDCPA – HELD BY MATTHEW

120.    Matthew repeats and re-alleges each allegation contained above.

121.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

122.    Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

123.    Snow and Joshua violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt against Matthew when they failed to disclose that they were a debt collector in the Emails they sent to Matthew.

124.    Snow and Joshua violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of the debt against Matthew when they failed to include a notice for opting out of electronic communications, as required by the FDCPA and Regulation F, in the Emails they sent to Matthew.

WHEREFORE, Matthew prays for relief and judgment against Snow and Joshua, as follows:

a) Adjudging that Snow and Joshua violated 15 U.S.C. § 1692e;

b) Awarding Matthew statutory damages against Snow and Joshua, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Matthew actual damages against Snow and Joshua, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Matthew reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Matthew pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT V – SNOW'S AND CHAD'S VIOLATION OF THE FDCPA – HELD BY MELISSA

125.    Melissa repeats and re-alleges each allegation contained above.

126.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

127.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

128.    Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a

violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

129.    "[W]e hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as [Melissa] who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

130.    Snow and Chad violated 15 U.S.C. § 1692e by falsely representing the character, amount, or legal status of Melissa's alleged debt through the Letters they sent.

131.    Snow and Chad violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt against Melissa when they attempted to collect amounts not itemized, such as interest and fees, had no itemization date, and had no consumer-response information, through the Letter they sent to Melissa.

132.    Snow and Chad violated 15 U.S.C. §§ 1692e and 1692f by using false, deceptive, misleading representations, unfair means, or  unconscionable means in connection with the collection of the debt against Melissa when they obfuscated and limited Melissa's right to dispute the debt during the 30-day period pursuant to 15 U.S.C. § 1692g by their

limiting, misleading, obfuscating, and confusing statements in the Letters that would falsely and unfairly lead a reasonable consumer, and Melissa, into believing that payment was required prior to the full 30-day period.

133. Snow and Chad violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of the debt against Melissa when they failed to include a notice for opting out of electronic communications, as required by the FDCPA and Regulation F, in the Letter they sent to Melissa.

134. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

135. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

136. To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

137. "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

138. The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

139. "Courts have recognized FDCPA claims where a defendant has provided notice that satisfies the letter, but not the spirit, of the FDCPA requirements." *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1271 (S.D. Fla. 2005) (citing *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996)).

140. Snow and Chad violated 15 U.S.C. § 1692g(a) when they sent the Letters to Melissa by failing to include that Melissa's rights are based on sending a dispute in "writing" and that Melissa had the right to request in writing the name and address of the original creditor, both of which would result in Snow and Chad ceasing collection efforts until verification is obtained and mailed.

141. Snow and Chad violated 15 U.S.C. § 1692g(b) when they sent the Letters to Melissa by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq*., during the thirty-day dispute period due to the demand for payment by July 10, 2023, which is within the 30-day period, and by threatening legal action without waiting the 30-day period.

WHEREFORE, Melissa prays for relief and judgment against Snow and Chad, as follows:

a) Adjudging that Snow and Chad violated 15 U.S.C. § 1692e;

b) Adjudging that Snow and Chad violated 15 U.S.C. § 1692f;

c) Adjudging that Snow and Chad violated 15 U.S.C. § 1692g;

d) Awarding Melissa statutory damages against Snow and Chad, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

e) Awarding Melissa actual damages against Snow and Chad, pursuant to 15 U.S.C. § 1692k(a)(1);

f) Awarding Melissa reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Melissa pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

### COUNT VI – SNOW'S AND JOSHUA'S VIOLATION OF THE FDCPA – HELD BY MELISSA

142. Melissa repeats and re-alleges each allegation contained above.

143. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

144. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation is sufficient to show a violation of the FDCPA. *See*

*Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

145.  Snow and Joshua violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt against Melissa when they failed to disclose that they were a debt collector in the Emails they sent to Melissa.

146.  Snow and Joshua violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of the debt against Melissa when they failed to include a notice for opting out of electronic communications, as required by the FDCPA and Regulation F, in the Emails they sent to Melissa.

WHEREFORE, Melissa prays for relief and judgment against Snow and Joshua, as follows:

a)  Adjudging that Snow and Joshua violated 15 U.S.C. § 1692e;

b)  Awarding Melissa statutory damages against Snow and Joshua, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Melissa actual damages against Snow and Joshua, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Melissa reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Melissa pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## **TRIAL BY JURY**

147.    Plaintiffs are entitled to and hereby demand a trial by jury.

DATED this 30th day of October, 2023.

ALPINA LEGAL

/s/ Chad C. Rasmussen
Chad C. Rasmussen
Attorney for Plaintiffs